UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GARRETT FRANCIS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. |
| FEDERAL RESERVE BANK OF BOSTON, | ) ) ) ) | |
| Defendant. | ) ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**PARTIES**

1. The plaintiff, Garrett Francis ("Plaintiff" or "Francis"), is an individual who resides in Weymouth, Norfolk County, Massachusetts.

2. Defendant Federal Reserve Bank of Boston ("Defendant" or the "Bank") is a domestic corporation incorporated under the laws of the Commonwealth of Massachusetts with a principal place of business located at 600 Atlantic Avenue, Boston, MA.

3. The Federal Reserve Bank of Boston is a part of the Central Bank of the United States serving New England and the nation.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this case arises under federal law, specifically the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. This Court also has jurisdiction pursuant to 12 U.S.C. § 632 because this action involves a Federal Reserve Bank as a defendant.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the Defendant Federal Reserve Bank of Boston maintains its principal place of business in Boston, Massachusetts, and because the unlawful employment practices alleged herein occurred within this judicial district.

6. The jurisdictional prerequisites to filing this action have been satisfied. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the EEOC issued a Notice of Right to Sue on March 13, 2025. This action is being filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue.

## STATEMENT OF FACTS

7. At all times relevant, Francis suffered from chronic pain syndrome from severe lumbar back and spine pain, which severely impacted his ability to walk for long periods of time and move heavy objects.

8. On April 20, 2015, the Bank hired Francis as a Cash Services Support Manager in the Cash Services Department of the Bank. In 2019, Francis was promoted to the role of Director of Operations, Settlement, and Customer Support in the Bank's Cash Services Department.

9. On September 13, 2022, Francis filed a Charge of Discrimination with the EEOC against the Bank alleging disability discrimination and retaliation. The claims were ultimately resolved through settlement and Francis separated from his employment on or about January 5, 2023.

10. At the end of 2023, Francis learned from friends and former colleagues that the Bank was hiring for the position of Vice President of Cash Services.

11. Francis was uniquely qualified for this position as he had been one step below it at the time of his separation in January 2023. Francis also had over seven years of experience in the

Cash Services Department and was well liked and respected as a leader by his colleagues at the Bank, many of whom still worked at the Bank as of the end of 2023.

12. Francis approached Kim Pham ("Pham"), a friend and member of the Bank's Human Resources Department, to discuss the opening.

13. On January 7, 2024, Francis and Pham met for dinner. At dinner, Pham encouraged Francis to apply for the position and connected Francis with her supervisor, Rob Stella ("Stella"), who was the lead recruiter for the Bank.

14. Based on Pham's encouragement to apply for the role, Francis applied for the position of Vice President of Cash Services at the Bank on January 19, 2024.

15. On February 2, 2024, the Bank informed Francis that his application was "not selected for [the] position."

16. Despite his qualifications, the Bank failed to even offer Francis the opportunity to interview for the position. Upon receiving this information, Francis contacted Stella to inquire about why he was not considered.

17. On February 5, 2024, Stella replied by informing Francis that the Bank had "a real strong candidate representation from the FRS system and the team is considering one of those candidates for the role."

18. On or about March 26, 2024, Francis learned that the Bank's internal candidate, Corey Johnson ("Johnson"), had been selected, which shocked Francis given Johnson's lack of experience relative to his own.

19. Johnson joined the Bank's Cash Services Department in or around 2019 and did not have any background in the field at that time. Prior to joining Cash Services, Johnson had worked in the Federal Reserve System until his position was outsourced.

20. Upon joining Cash Services, Johnson was assigned to be trained directly by Francis because Francis had years of experience in the industry—including close to four years with the Bank—had established the Department's training programs and had been identified as the go-to-individual for trainings.

21. Despite his best efforts to train Johnson, Francis found him to be completely incompetent in the role and unable to retain information or make decisions without first going to then Vice President, Lisa Perlini ("Perlini"), for approval.

22. After a year of enduring Johnson's inabilities, Francis met with Perlini to let her know that Johnson's failure to manage was becoming a hazard to the Department. Despite Francis's complaints, Perlini allowed Johnson to keep his Assistant Vice President title but moved him off the Cash Services floor to instead oversee Compliance within the Department, relegating his inabilities to a three-person team in an acknowledgement of his shortcomings as a leader.

23. Johnson was widely disliked throughout the Cash Services Department, known only for being used to fire individuals at Perlini's behest, garnering him the nickname the "terminator." On the other hand, Francis was widely respected as a leader and well-liked by his colleagues. In fact, within three months following Francis's departure from the Bank in January 2023, roughly 25 employees in the department resigned.

24. On information and belief, the Bank's decision to hire Johnson for the Vice President of Cash Services position, despite Johnson's lack of experience and Francis's abundance of experience, and without even interviewing Francis for the role, was rooted in discrimination against Francis and retaliation for Francis's prior EEOC complaint against the Bank.

## CLAIMS

### COUNT I
### DISABILITY DISCRIMINATION IN VIOLATION OF
### THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101 et seq.

25. Francis realleges and incorporates the allegations of the foregoing paragraphs as if fully set forth herein.

26. At all times relevant hereto, Francis suffered from a disability covered by the Americans with Disabilities Act (ADA) as defined in 42 U.S.C. § 12102(2).

27. Francis is a qualified individual with a disability as defined in 42 U.S.C. § 12111(8).

28. Francis could perform the essential functions of the Vice President of Cash Services role, for which he applied, with reasonable accommodations.

29. The Bank's conduct, as alleged above, constitutes unlawful disability discrimination in violation of 42 U.S.C. § 12112.

30. As a result of Francis's disability, the Bank unlawfully discriminated against him, including, but not limited to, not considering or interviewing him for a position he applied for and was qualified for or not hiring him for that position.

31. As a result of the Bank's unlawful conduct, Francis suffered economic losses in the form of lost wages and benefits, emotional distress, interest, attorney's fees, litigation costs, and any other damages allowable by the law, in an amount to be determined at trial.

### COUNT II
### RETALIATION IN VIOLATION OF
### THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101 et seq.

32. Francis realleges and incorporates the allegations of the foregoing paragraphs as if fully set forth herein.

33. Francis engaged in a protected activity under 42 U.S.C. § 12101 when he filed a Charge of Discrimination with the EEOC against the Bank on September 13, 2022, alleging disability discrimination and retaliation.

34. In response to Francis's protected activity, the Bank subjected Francis to adverse employment action by failing to hire nor even interview him for the Vice President of Cash Services role.

35. The Bank's actions as set forth above constitute unlawful retaliation in violation of 42 U.S.C. § 12203(a).

36. As a result of the Bank's unlawful conduct, Francis suffered economic losses in the form of lost wages and benefits, emotional distress, interest, attorney's fees, litigation costs, and any other damages allowable by the law, in an amount to be determined at trial.

## **PRAYERS FOR RELIEF**

WHEREFORE, the plaintiff, Garrett Francis, hereby requests that this Honorable Court grant the following relief:

A. Enter judgment in his favor on all counts of the respective claims for relief as set forth above, with the accompanying damages awarded in an amount to be proven at trial under applicable statutory or common law;

B. Award compensatory damages including damages for lost wages, lost benefits, and emotional distress;

C. Award punitive and/or liquidated damages where applicable;

D. Award Attorneys' fees and/or costs where applicable; and

E. Order such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

The plaintiff, Garrett Francis, demands a trial by jury on all issues so triable.

                                        Respectfully submitted,

                                        Plaintiff,
                                        GARRETT FRANCIS,

                                        by his attorneys,

Dated: May 22, 2025                /s/ *Michael V. Parras, Jr.*
                                        Michael V. Parras, Jr., BBO # 661298
                                        mike.parras@rodmanemploymentlaw.com
                                        Samuel J. Miller, BBO # 677066
                                        sam.miller@rodmanemploymentlaw.com
                                        Brooke D. Matthews, BBO # 716286
                                        brooke.matthews@rodmanemploymentlaw.com
                                        RODMAN EMPLOYMENT LAW
                                        5 Commonwealth Road, Suite 5C
                                        Natick, MA 01760
                                        Tel: (617) 820-5250